# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-1699D

MIDDLESEX, ss

PETER K. SCOTT, Plaintiff(s)

v.

M&I MARSHALL & ILSLEY TRUST COMPANY, ET AL., Defendant(s)

## SUMMONS

To the above-named Defendant: Brady Asia Holdings PTE Ltd., Singapore

You are hereby summoned and required to serve upon Ian Crawford of Todd & Weld LLP plaintiff's attorney, whose address is 28 State Street, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 TradeCenter, Woburn, MA 01801 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Woburn, Massachusetts the 29th day of April, in the year of our Lord 2008.

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......... ............................... . .......... ........................ ............
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................
................................................................................................................................................
................................................................................................................................................
                                    ............................... ............... ............. ............

Dated: ............... ............................................................................., 20...........

### N.B. TO PROCESS SERVER:
### PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
(       ........................... .., 20...... . )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX......, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 08-1699D

PETER K. SCOTT................................ ..Plff.

v.

M&I MARSHALL & ILSLEY TRUST COMPANY, ET AL,.............. ......Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-1699D

MIDDLESEX, ss

PETER K. SCOTT
........................, Plaintiff(s)

v.

M&I MARSHALL & ILSLEY
TRUST COMPANY, ET AL.
........................, Defendant(s)

## SUMMONS

To the above-named Defendant: Brady People Identification LLC, 6555 West Good Hope Road, Milwaukee, WI

You are hereby summoned and required to serve upon ...Ian Crawford of Todd & Weld LLP........
................................., plaintiff's attorney, whose address is ...28 State Street, Boston, MA 02109......................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...200 TradeCenter, Woburn, MA 01801.............. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...Woburn, Massachusetts...................................

the .....29th............................. day of .....April.........................................

................., in the year of our Lord ........2008.......................... .

........................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

........................................................................................................................................................
........................................................................................................................................................
........................................................................................................................................................
........................................................................................................................................................

Dated: ........................................................................................................, 20..........

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ......................................, 20.......... )
( _____ )

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .., ss

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 08-1699D

PETER K. SCOTT ........................... Plff

v.

M&I MARSHALL & ILSLEY TRUST COMPANY, ET AL ........... Deft

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-1699D

PETER K. SCOTT ................, Plaintiff(s)

v.

M&I MARSHALL & ILSLEY
TRUST COMPANY, ET AL.
.................., Defendant(s)

## SUMMONS

To the above-named Defendant: Brady Worldwide, Inc., 6555 West Good Hope Road, Milwaukee, WI

You are hereby summoned and required to serve upon ...Ian Crawford of Todd & Weld LLP...... plaintiff's attorney, whose address is 28 State Street, Boston, MA 02109 ..................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ..200 TradeCenter, Woburn, MA 01801.......... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...Woburn, Massachusetts...... the ...29th............ day of ...April....... ..............., in the year of our Lord ......2008..............

..................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .......................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

............................................................................................................................
............................................................................................................................
............................................................................................................................
............................................................................................................................

Dated: ........................................................................................., 20..........

### N.B. TO PROCESS SERVER:
### PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
### ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ................................, 20.......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 08-1699D

PETER K. SCOTT ........................, Plff.

M&I MARSHALL & ILSLEY
TRUST COMPANY, ET AL. ........................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COPY

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT
                                        CIVIL ACTION NO.  08-1699D

PETER K. SCOTT,

    Plaintiff,

v.

M & I MARSHALL & ILSLEY TRUST COMPANY,
BRADY WORLDWIDE, INC., BRADY PEOPLE
IDENTIFICATION LLC, and BRADY ASIA
HOLDINGS PTE LTD.,

    Defendants.

*[Clerk's stamp: IN THE CLERK'S OFFICE FOR THE COURTS OF MIDDLESEX, APR 29 2008, CLERK]*

## COMPLAINT AND JURY DEMAND

1. The plaintiff, Peter K. Scott ("Scott"), is an individual whose business address is 401 Edgewater Place, Wakefield, Massachusetts.

2. On information and belief, the defendant, M & I Marshall & Ilsley Trust Company ("M & I"), is a Wisconsin corporation with a principal place of business at 111 East Kilbourn, Suite 200, Milwaukee, Wisconsin.

3. The defendant, Brady Worldwide, Inc. ("Brady"), is a Wisconsin corporation with a principal place of business at 6555 West Good Hope Road, Milwaukee, Wisconsin.

4. The defendant, Brady People Identification LLC ("BPI"), is a Wisconsin limited liability company with a

principal place of business at 6555 West Good Hope Road, Milwaukee, Wisconsin.

5.  On information and belief, the defendant Brady Asia Holdings PTE Ltd. ("Brady Asia"), is a Singapore corporation with a principal business address in Singapore.

6.  Jurisdiction and venue are proper in this Court because the allegations in this Complaint involve a certain Stock Purchase Agreement and Escrow Agreement which were negotiated in the Commonwealth of Massachusetts and signed in the Commonwealth of Massachusetts by Scott.

7.  Scott and the defendants Brady, BPI and Brady Asia (collectively the "Brady Defendants") entered into a Stock Purchase Agreement dated August 14, 2006, whereby Scott sold all of his stock to the Brady Defendants. As part of the Stock Purchase Agreement, $2 million of the purchase price was set aside and placed into an escrow account.

8.  Scott and the Brady defendants also entered into an Escrow Agreement dated August 15, 2006, along with M & I, which governs the $2 million being held in escrow. Pursuant to that Agreement, M & I was appointed as the Escrow Agent. A true and accurate copy of the Escrow Agreement is attached hereto as Exhibit A.

9.  Pursuant to Paragraph 6(e) of the Escrow Agreement, the Escrow Fund being held by the Escrow Agent was due to

terminate on February 1, 2008. All monies not subject to a Notice of Claim were required to be distributed to Scott in accordance with instructions which he was obligated to deliver to the Escrow Agent.

10. On January 31, 2008, the day before the Escrow Agreement was due to expire, Brady's counsel sent a letter purporting to be a Notice of Claim pursuant to Paragraph 6(a) of the Escrow Agreement. In the Notice of Claim, Brady articulated a claim in the amount of $167,000. Brady failed to articulate any other claims in conformance with Paragraph 6(a) by failing to include a good faith estimate of the amount of any such additional claim as required by the Agreement.

11. In conformance with Paragraph 6(b) of the Escrow Agreement, Scott contested Brady's Notice of Claim within 60 days as provided in the Escrow Agreement. As a result, and pursuant to the Escrow Agreement, the Escrow Agent is required to continue to hold $167,000 of the Escrow Fund but is required to distribute the balance of the Escrow Fund to Scott.

12. Having failed to receive the Escrow Fund from the Escrow Agent, less the $167,000 subject to Brady's Notice of Claim, Scott wrote the Escrow Agent on April 17, 2008, demanding that the Escrow Agent comply with the Escrow Agreement and turn over the balance of the Escrow fund to him no later than April 25, 2008.

13. On April 22, 2008, Brady, through counsel, notified the Escrow Agent of its objection to the distribution of any of the Escrow Fund to Scott. As a result of Brady's April 22 letter, the Escrow Agent declined to comply with the terms of the Escrow Agreement and refused to pay over any of the Escrow Fund to Scott.

14. Brady's April 22 letter interfered with the Escrow Agent's duty to distribute the Escrow Fund to Scott, and Scott has been denied the benefit of receiving the balance of the Escrow Fund on a timely basis as required by the Escrow Agreement.

COUNT I
(Breach of Contract - Scott v. M & I)

15. Scott repeats and realleges the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to Paragraph 6(e) of the Escrow Agreement, M & I is required to pay as directed by Scott any and all funds comprising the Escrow Fund in excess of what is required to be set aside pursuant to any Notice of Claim. The only Notice of Claim sent to the Escrow Agent that complies with the Escrow Agreement is a claim for $167,000 advanced by Brady on January 31, 2008.

17. As a result, the Escrow Agent is required to distribute the balance of the Escrow Fund to Scott per the

instructions which he delivered to the Escrow Agent on April 17, 2008.

18.  As a result of the Escrow Agent's failure to distribute the balance of the Escrow Fund to Scott, M & I has breached the Escrow Agreement.

19.  As a result of this breach, Scott has been damaged in an amount to be proven at trial.

COUNT II
(Breach of Contract - Scott v. the Brady Defendants)

20.  Scott repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.  On January 31, 2008, the Brady defendants caused a letter to be sent to the Escrow Agent purporting to articulate a Notice of Claim.  The January 31 Notice of Claim only identified a potential claim of $167,000, and all other claims articulated in the January 31 letter did not rise to the level of a valid Notice of Claim.

22.  In particular, the Escrow Agreement requires any party setting forth a Notice of Claim to articulate the dollar amount of such claim, if known.  The Agreement, however, further states that if the amount of any claim is not known at the time of the delivery of the Notice of Claim, the Notice of Claim shall include buyer's [Brady's] good faith estimate of the amount of such claim.

23. In its January 31 Notice of Claim, Brady failed to articulate any good faith estimate of any claim other than the aforementioned $167,000 claim. As a result, besides the $167,000 claim articulated by Brady, the balance of the Notice of Claim dated January 31, 2008, does not comply with the Escrow Agreement and therefore is a nullity.

24. By failing to include a good faith estimate of their claims or properly articulating the claim at all concerning a matter currently pending in arbitration involving an individual named Scott Hyde, the Brady defendants have breached the terms of the Escrow Agreement.

25. As a result of the Brady defendants' breach of the Escrow Agreement, Scott has been damaged in an amount to be determined at trial.

COUNT III
(Breach of the Covenant of Good Faith and Fair Dealing -
Scott v. the Brady Defendants)

26. Scott repeats and realleges the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Implicit in every contract is the Covenant of Good Faith and Fair Dealing.

28. Since the Notice of Claim dated January 31, 2008, the Brady Defendants have taken no steps to provide a good faith estimate of any other claim which they purportedly have against the Escrow Fund or taken any steps to resolve the $167,000

Notice of Claim. Indeed, it is clear from their actions that the intention of the Brady Defendants is to tie up the entire Escrow Fund for an indefinite amount of time in order to assert leverage over Scott.

29. As a result of the Brady Defendants' failure to attempt to negotiate or resolve the claim for $167,000 from the Escrow Fund or advance any theory or dollar amount for any other of their purported claims, the Brady Defendants have breached their duty of good faith and fair dealing to Scott.

30. As a result of the Brady Defendants' breach of the Covenant of Good Faith and Fair Dealing, Scott has been damaged in an amount to be determined at trial.

### COUNT IV
(Intentional Interference with Contractual Relations - Scott v. the Brady Defendants)

31. Scott repeats and realleges the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. As alleged above, on April 22, 2008, the Brady Defendants, through counsel, sent the Escrow Agent a letter protesting the release of any funds from the Escrow Account to Scott. The April 22 letter reiterated the unfounded and contractually defective claims against the Escrow Fund without any good faith estimate of the amount of those claims despite having almost three additional months to investigate and articulate those claims.

33. The April 22 letter was specifically designed to cause the Escrow Agent to refuse to release any Escrow Funds, and the April 22 letter accomplished its purpose when the Escrow Agent refused to make any distribution despite his legal obligation to do so.

34. As a result of the Brady Defendants' actions, they intentionally interfered with Scott's contractual right to receive all Escrow Funds not subject to an articulated Notice of Claim, specifically $1,833,000.

35. As a result of the Brady Defendant's intentional interference with Scott's contractual rights under the Escrow Agreement and the Stock Purchase Agreement, Scott has been damaged in an amount to be determined at trial.

COUNT V
(Violation of Chapter M.G.L. c. 93A -
Scott v. the Brady Defendants)

36. Scott repeats and realleges the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. The acts complained above by the Brady Defendants constitute unfair and deceptive acts or practices prohibited by M.G.L. c. 93A.

38. The Escrow Agreement and the Stock Purchase Agreement articulate that the governing law by which both Agreements are to be interpreted are the laws of the State of Wisconsin. However, the Brady Defendants' acts of intentionally interfering

8

with the contract and their attempts to hold up delivery of the escrow monies in order to leverage concessions from Scott relating to other matters concerning the stock purchase constitute claims falling outside the contract and are subject to the laws of the Commonwealth of Massachusetts.

39. The Brady Defendants conduct business in Massachusetts and all over the world, and the acts complained of in this Complaint caused residents and a business in Massachusetts to be harmed.

40. Accordingly, the Brady Defendants are subject to M.G.L. c. 93A for their unfair and deceptive acts and practices, and Scott has been damaged by these unfair acts and practices in an amount to be determined at trial.

WHEREFORE, Scott requests that this Court:

A. Enter judgment in his favor on Count I against the Escrow Agent M & I and award him damages in an amount to be determined at trial;

B. Enter a preliminary injunction that the Escrow Agent be required to turn over at least $1,833,000 from the Escrow Fund as directed by Scott in his April 17, 2008 letter;

C. Enter judgment in his favor on Counts II through IV against the Brady Defendants and award him damages in an amount to be determined at trial;

D. Enter judgment in his favor with respect to Count V and find that the Brady Defendants' acts were unfair and deceptive and award Scott his attorneys' fees and up to treble damages as provided by M.G.L. c. 93A;

E. Award him his costs and reasonable attorneys' fees in bringing this action; and

F. Award him such other relief as is just and proper.

<u>THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>

PETER K. SCOTT,

By his attorney,

*/s/ Ian Crawford*
Ian Crawford (BBO#544475)
Todd & Weld LLP
28 State Street
Boston, MA  02109
(617) 720-2626

DATED: April 29, 2008