**EXHIBIT A**

## ESCROW AGREEMENT

This ESCROW AGREEMENT ("Escrow Agreement") dated as of August _15_, 2006, is by and among Brady Worldwide, Inc., a Wisconsin corporation, Brady People Identification LLC, a Wisconsin limited liability company, Brady Asia Holdings Pte Ltd., a Singapore Corporation, (individually, a "Buyer" and collectively, the "Buyers"), M&I Marshall & Ilsley Trust Company, as escrow agent (the "Escrow Agent"), and Peter K. Scott (the "Representative"), acting on behalf of each of the Sellers (as defined hereinafter).

### RECITALS

A.  The Buyers, Peter K. Scott, and CIPI Group, a Massachusetts trust (the "Trust") (Peter K. Scott and the Trust collectively, the "Sellers") are parties to that certain Stock Purchase Agreement dated as of August _14_, 2006 (the "Purchase Agreement").

B.  Pursuant to Section 1.2 of the Purchase Agreement, the Buyers and the Sellers have agreed to enter into this Escrow Agreement pursuant to which the Buyers shall deposit Two Million Dollars ($2,000,000) (the "Escrow Amount") with the Escrow Agent.

C.  The Buyers and the Sellers desire that the Escrow Funds (as defined hereinafter) shall remain in escrow to secure the continuing obligations of the Sellers under the Purchase Agreement on the terms set forth herein.

D.  The Sellers desire to appoint the Representative as their agent in connection with their rights, duties, and obligations under this Escrow Agreement.

E.  The parties desire that the Escrow Agent serve as escrow agent on the terms and conditions provided in this Escrow Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants of the parties set forth in this Escrow Agreement and the Purchase Agreement, the Buyers, the Representative, and the Escrow Agent hereby agree as follows:

1.  Appointment of the Representative. The Sellers hereby appoint the Representative as their agent and attorney in fact with full power of substitution to do any and all things and execute any and all documents which may be necessary, convenient, or appropriate to perform the Sellers' obligations and exercise the Sellers' rights under this Escrow Agreement.

2.  Appointment of Escrow Agent. The Buyers and the Sellers hereby appoint the Escrow Agent as their agent and custodian to hold, invest and disburse the Escrow Amount and earnings and interest thereon (collectively, the "Escrow Funds") in accordance with the terms of this Escrow Agreement.

3.  Delivery of Funds to Escrow Agent. Pursuant to Section 1.2(a) of the Purchase Agreement, the Sellers have directed the Buyers to deposit, and the Buyers have deposited the Escrow Amount with the Escrow Agent and the Escrow Agent acknowledges receipt of such funds. The Escrow

QBMKE\5936502.3

Agent shall hold the Escrow Funds on behalf of the parties under the terms of this Escrow Agreement and distribute the Escrow Funds in accordance with Section 6 hereof.

4. <u>Investment of Escrow Fund</u>.

(a) The Escrow Agent shall invest and reinvest all cash funds from time to time comprising part of the Escrow Funds in the following instruments: (i) bonds or other obligations issued or guaranteed by the government of the United States of America and not having maturities of greater than thirty (30) days; (ii) demand or time deposits in, or certificates of deposit of, a bank or trust company incorporated under the laws of the United States of America, any state thereof or the District of Columbia having a net worth in excess of $500 million, and having maturities not greater than thirty (30) days; (iii) the Marshall Prime Money Market Fund; or (vi) such other investments as the Buyers and the Representative shall approve in writing. In the absence of any direction, the Escrow Agent shall invest the Escrow Funds in accordance with subsection (iii) above. The initial written direction of the parties is attached hereto as <u>Schedule A</u>. Unless and until the Escrow Agent receives written direction from the parties to invest the Escrow Funds in a different investment, the Escrow Funds shall continue to be invested in the investment set forth on <u>Schedule A</u> attached hereto. In the event the Escrow Funds are held in more than one investment, and the Escrow Agent is required to distribute Escrow Funds hereunder, then the parties shall instruct the Escrow Agent in writing as to the order in which the investments shall be liquidated. The Escrow Agent shall have no liability to the parties arising, directly or indirectly, from any investment made pursuant to this Section 4 absent gross negligence or willful misconduct. The Escrow Agent is hereby authorized, in making or disposing of any investment permitted by this Agreement, to deal with itself (in its individual capacity) or with any one or more of its affiliates, whether it or such affiliate is acting as a subagent of the Escrow Agent or for any third person or dealing as a principal for its own account.

(b) The Sellers will be responsible for payment of all taxes that are payable with respect to any interest accrued or earned on the Escrow Funds ("Escrow Interest"), whether or not the income was distributed by the Escrow Agent during any particular year, and the Sellers will be entitled to receive all such interest. The Escrow Agent and Buyers will have no obligation to pay any taxes or estimated taxes. The Representative will provide the Escrow Agent with the respective Taxpayer Identification Numbers of the Sellers documented by an appropriate Form W-9 following the execution of this Escrow Agreement. Failure to so provide such forms may prevent or delay disbursements to Sellers from the Escrow Funds and may also result in the assessment of a penalty as the result of the Escrow Agent being required to withhold tax on any interest or other income earned on the Escrow Funds. Any payments of Escrow Interest will be subject to applicable withholding regulations then in force in the United States or any other jurisdiction, as applicable. At the request of the Representative or the Sellers, the Escrow Agent will provide the Representative or the Sellers with any information reasonably requested by them and available to Escrow Agent which may be helpful in satisfying any tax obligation relating to the Escrow Interest.

(c) The Escrow Agent will report to the Internal Revenue Service, as of each calendar year-end, all income earned from the investment of any sum held as part of the Escrow Funds against the Sellers, whether or not said income has been distributed during such year, as and to the extent required by law. The Escrow Agent will have no responsibility for the preparation and/or filing of any tax return with respect to any income earned on the Escrow Funds.

5. <u>Delivery of Escrow Funds by Escrow Agent</u>. The Escrow Agent shall hold the Escrow Funds until instructed or otherwise required to deliver the same or any portion thereof in accordance with Section 6 hereof.

- 2 -

6.  **Distributions.** The Escrow Agent shall disburse the Escrow Funds only pursuant to and in accordance with the following procedure:

(a) Each of the Buyers may, at any time, give written notice to the Representative and the Escrow Agent that the Buyer is asserting one or more claims for payment under the Purchase Agreement (a "Notice of Claim"). If known, the Buyer shall include the dollar amount of such claims in the Notice of Claim, if known. If the amount of any claim is not known at the time of the delivery of the Notice of Claim, the Notice of Claim shall include Buyer's good faith estimate of the amount of such claim, and the Buyer shall notify the Representative and the Escrow Agent of the amount of such claim when it is known.

(b) If the Escrow Agent and the Buyer shall not have received from the Representative prior to the sixtieth (60th) calendar day following the date of delivery of such Notice of Claim, a written notice from the Representative of the type contemplated by Section 6(c) of this Escrow Agreement, on such sixtieth (60th) day or, if not a business day, on the next succeeding business day, the Escrow Agent shall withdraw from the Escrow Funds and pay to the Buyer by certified check or wire transfer of immediately available funds to an account designated by the Buyer an amount equal to the lesser of (i) the aggregate of the claims asserted in the Notice of Claim or (ii) the balance of the Escrow Funds on the date of payment; provided, that in the event the amount of a claim is not then known, the payment in respect of such claim shall be made when the Buyer notifies the Representative and the Escrow Agent of the amount of such claim. Any claim set forth in a Notice of Claim that is not specifically disputed in a written notice from the Representative within the aforementioned thirty-days time period and of the type contemplated by Section 6(c) of this Escrow Agreement shall be paid by the Escrow Agent in accordance with the preceding sentences even though a notice of dispute might otherwise have been received by the Escrow Agent with respect to other claims set forth in the Buyer's Notice of Claim.

(c) The Representative may deliver to the Escrow Agent and the Buyer, prior to the sixtieth (60th) calendar day following the date of delivery of the aforementioned Notice of Claim, a written notice to the effect that the Representative disputes the fact or amount of any one or more of the claims asserted in the Buyer's Notice of Claim. If such notice of dispute from the Representative is delivered to the Escrow Agent and the Buyer within such time period, then the Escrow Agent shall refrain from making any disbursement from the Escrow Funds of the amount or amounts specifically disputed in the notice of dispute from the Representative unless pursuant to or in accordance with: (i) a joint written authorization signed by the Representative and the Buyer to the effect that it incorporates the resolution of the matter by such parties, which authorization shall set forth the amount of the Escrow Funds to be distributed to the Buyer, or (ii) a certified copy of a final judgment of a court of competent jurisdiction; provided, however, that a certified copy of a final judgment shall serve as a valid determination only if the time for appeal has expired and no appeal has been perfected or all appeals have been exhausted or no right of appeal exists. Any distribution of Escrow Funds to a Buyer in accordance with this Section 6(c) of this Escrow Agreement shall be paid by certified check or wire transfer of immediately available funds to an account designated by the Buyer.

(d) In addition to the foregoing, the Buyers and the Representative may from time to time deliver their joint written notice to the Escrow Agent authorizing the Escrow Agent to release all or a portion of the funds comprising the Escrow Funds. Upon receipt of such notice, the Escrow Agent shall distribute the portion of the Escrow Funds in accordance with the instructions contained in such notice.

(e) On February 1, 2008 (the "Termination Date") any and all funds comprising the Escrow Funds <u>in excess</u> of that which the Escrow Agent is or may be required to pay in respect of claims asserted in any outstanding Notice of Claim which have not theretofore been paid, shall be distributed in

- 3 -

QBMKE\5936502.3

(e)     The Escrow Agent shall not be liable for any error of judgment, or for any act done or step taken or omitted by it in good faith or for any mistake, in fact or law, or for anything else which it may do or refrain from doing in connection herewith, except for its own gross negligence or willful misconduct.

(f)     The Escrow Agent may seek the advice of legal counsel in the event of any dispute or question as to the construction of any of the provisions of this Escrow Agreement or its duties hereunder, and it shall incur no liability and shall be fully protected in respect of any action taken, omitted, or suffered by it in good faith in accordance with the advice of such counsel.

(g)     In the event of any dispute hereunder, the Escrow Agent shall have the right (but shall not be obligated) to pay into court all Escrow Funds and thereafter be absolved of any further duty or obligation hereunder with respect to the Escrow Funds.

9.     Compensation. The Escrow Agent shall be paid for its services to be rendered hereunder in accordance with Schedule B attached hereto, which amount shall be paid by the Buyers.

10.     Resignation of Escrow Agent; Appointment of Successor. The Escrow Agent acting at any time hereunder may resign at any time by giving thirty (30) days prior written notice of resignation to the Buyers and the Representative, such resignation to be effective on the date specified in such notice. In addition, the Buyers and the Representative may jointly cause the removal of the Escrow Agent at any time upon the giving of ten (10) days written notice. In either event, the Buyers and the Representative shall appoint as successor Escrow Agent a bank or trust company mutually satisfactory to them by a written instrument delivered to each of the retiring Escrow Agent and the successor Escrow Agent, and upon such appointment and its acceptance thereof, the successor Escrow Agent shall succeed to all the rights and obligations of the retiring Escrow Agent as of the effective date of resignation or removal as though it had been originally named herein, the retiring Escrow Agent shall be discharged from all duties and obligations thereafter arising or accruing hereunder, and the retiring Escrow Agent shall duly transfer and deliver to the successor Escrow Agent the Escrow Funds and any other property then held by the retiring Escrow Agent hereunder. After any retiring Escrow Agent's resignation or removal hereunder, the provisions of this Escrow Agreement shall inure to its benefit as to any actions taken, omitted, or suffered by it while it was the Escrow Agent hereunder.

11.     Amendment. This Escrow Agreement may be amended or terminated only by a joint written agreement signed by each of the Escrow Agent, the Buyers, and the Representative.

12.     Notices. All notices, requests, demands and other communications hereunder shall be given in writing and shall be: (a) personally delivered; or (b) sent to the parties at their respective addresses indicated herein by registered or certified U.S. mail, return receipt requested and postage prepaid, or by private overnight mail courier service. The respective addresses to be used for all such notices, demands or requests are as follows:

If to the Buyers:                Brady Worldwide, Inc.
                                 Attn: Director-Legal and Risk Management
                                 6555 West Good Hope Road
                                 Milwaukee WI 53223
                                 Facsimile: (414) 438-6917

With a copy to:                  Quarles & Brady LLP
                                 Attn: Michael Lappin
                                 411 E. Wisconsin Avenue

|   |   |
|---|---|
|   | Milwaukee WI 53202<br>Facsimile: (414) 271-3552 |
| If to the Representative: | Peter K. Scott<br>57 Lawmarissa Road<br>Waban, MA 02468 |
| With copies to each of: | Tonneson & Co.<br>Attn: Rick Mastrocola<br>401 Edgewater Place<br>Suite 300<br>Wakefield, MA 01880-6208 |
|   | Goulston & Storrs, P.C.<br>Attn: Kitt Sawitsky, Esq.<br>       Daniel R. Avery Esq.<br>400 Atlantic Avenue<br>Boston, MA 02110-3333<br>Facsimile: (617) 574-4112 |
| If to the Escrow Agent: | M&I Marshall & Ilsley Trust Company<br>Attn: Martin O'Grady<br>111 East Kilbourn, Suite 200<br>Milwaukee, WI 53202<br>Facsimile: (414) 287-7025 |

13.     If personally delivered, such communication shall be deemed delivered upon actual receipt; if sent by overnight courier pursuant to this paragraph, such communication shall be deemed delivered upon receipt; and if sent by U.S. mail pursuant to this paragraph, such communication shall be deemed delivered as of the date of delivery indicated on the receipt issued by the relevant postal service, or, if the addressee fails or refuses to accept delivery, as of the date of such failure or refusal. Any party may change its address for the purposes of this Escrow Agreement by giving notice thereof in accordance with this Section.

14.     Governing Law. This Escrow Agreement is being delivered and is intended to be performed in the State of Wisconsin and shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, the laws of the State of Wisconsin.

15.     Entire Agreement. This Escrow Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and supersedes all prior agreements and understandings, written and oral. This Agreement may not be assigned by any party without the prior written consent of the parties hereto and any attempted assignment without such written consent shall be null and void and without legal effect. This Escrow Agreement shall be binding upon the parties hereto and their successors and assigns.

16.     Headings. The headings in this Escrow Agreement are inserted for convenience only and shall not constitute a part hereof.

17.     Counterparts. This Escrow Agreement may be executed in any one or more counterparts, each of which shall constitute one and the same agreement.

- 6 -

[Signatures appear on the following page.]

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date first written above.

BUYERS:

BRADY WORLDWIDE, INC.

By: *[signature]*
Name: David Mathieson
Title: Vice President

BRADY PEOPLE IDENTIFICATION LLC

By: *[signature]*
Name: David Mathieson
Title: Senior Vice President and CFO

BRADY ASIA HOLDINGS PTE LTD.

By: *[signature]*
Name: David Mathieson
Title: Director

REPRESENTATIVE:

_____
Peter K. Scott, on behalf of each of the Sellers

SELLERS:
PETER K. SCOTT

_____
Peter K. Scott, individual

CIPI GROUP TRUST

By. _____
Name: Peter K. Scott
Title: The Sole Trustee of CIPI Trust

ESCROW AGENT:
M&I MARSHALL & ILSLEY TRUST COMPANY

By: _____
Name: _____
Title: _____

- 8 -

QBMKE\5936502.3

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date first written above.

BUYERS:

BRADY WORLDWIDE, INC.

By: _____
Name: _____
Title: _____

BRADY PEOPLE IDENTIFICATION LLC

By: _____
Name: _____
Title: _____

BRADY ASIA HOLDINGS PTE LTD.

By: _____
Name: _____
Title: _____

REPRESENTATIVE:

_____
Peter K. Scott, on behalf of each of the Sellers

SELLERS:
PETER K. SCOTT

_____
Peter K. Scott, individual

CIPI GROUP TRUST

By: _____
Name: Peter K. Scott
Title: The Sole Trustee of CIPI Trust

ESCROW AGENT:
M&I MARSHALL & ILSLEY TRUST COMPANY

By: _____
Name: _____
Title: _____

- 8 -

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date first written above.

BUYERS:

BRADY WORLDWIDE, INC.

By: _____
Name: _____
Title: _____

BRADY PEOPLE IDENTIFICATION LLC

By: _____
Name: _____
Title: _____

BRADY ASIA HOLDINGS PTE LTD.

By: _____
Name: _____
Title: _____

REPRESENTATIVE:

_____
Peter K. Scott, on behalf of each of the Sellers

SELLERS:
PETER K. SCOTT

_____
Peter K. Scott, individual

CIPI GROUP TRUST

By: _____
Name: Peter K. Scott
Title: The Sole Trustee of CIPI Trust

ESCROW AGENT:
M&I MARSHALL & ILSLEY TRUST COMPANY

By: *(signature)*
Name: MARTIN T/O'GRADY
Title: V.P

- 8 -

## SCHEDULE A

### Initial Investment Instructions

All Escrow Funds should be invested and reinvested in the Marshall Prime Money Market Fund.

QBMKE\5936502.3

## SCHEDULE B

### Escrow Agent Fees

Annual Administrative Escrow Fee..................................................................$2,000

The annual administrative escrow fee shall be paid by Buyer.

Above referenced fee is based on sole use of the Escrow Agent's Marshall Prime Money Market Fund (the Escrow Agent may also receive investment advisory or other fees from the Marshall Prime Money Market Fund). The use of allowable alternative investments other than the Marshall Prime Money Market Fund will be subject to additional fees.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Peter K. Scott
_____

V.                                      CASE NO. _____

M&I Marshall & Ilsley Trust Co., B
_____

NOTICE OF FILING WITH CLERK'S OFFICE

Notice is hereby given that the documents, exhibits or attachments listed below have been manually filed with the Court and are available in paper form only:

Defendants' Notice of Removal and Certificate of Service
Exhibit A - Summons and Plaintiff's Complaint
Civil Action Cover Sheet
Category Sheet

The original documents are maintained in the case file in the Clerk's Office.

| | |
|---|---|
| May 19, 2008 | Cristina D. Hernandez-Malaby |
| Date | Attorney for |
| | Brady Worldwide, Inc., |
| | Brady People Identification LLC, |
| | Brady Asia Holdings Pte Ltd. |

(Notice of Filing.wpd - 7/03)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER K. SCOTT,

    Plaintiff,

v.

M & I MARSHALL & ILSLEY TRUST COMPANY, BRADY WORLDWIDE, INC., BRADY PEOPLE IDENTIFICATION LLC, and BRADY ASIA HOLDINGS PTE LTD.,

    Defendants.

Case No. _____
(formerly Middlesex Superior Court Case No. 08-1699D)

## CERTIFICATE OF INTEREST

The undersigned hereby states, in compliance with LR, D. Mass. 7.3, that defendants Brady Worldwide, Inc., Brady People Identification LLC, and Brady Asia Holdings Pte Ltd. are subsidiaries of Brady Corporation.

Dated this 19th day of May, 2008.

QUARLES & BRADY, LLP

Cristina D. Hernandez-Malaby,
MA State Bar No. 630419
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497
Ph: 414-277-5000
Fax: 414-271-3552
chernand@quarles.com

Attorneys for Brady Worldwide, Inc.,
Brady People Identification LLC, and
Brady Asia Holdings Pte Ltd.

QB\ACTIVE\6245605.1

## CERTIFICATE OF SERVICE

I, Cristina D. Hernandez-Malaby, an attorney, certify that I caused a true and correct copy of the foregoing **Notice of Removal**, to be served upon:

> Ian Crawford
> Todd & Weld LLP
> 28 State Street
> Boston, MA 02109

via U.S. Mail, first-class postage prepaid, and electronic mail, sent on this 19th day of May, 2008, at or before the hour of 6:00 p.m.

Cristina D. Hernandez-Malaby