UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

PETER K. SCOTT,

        Plaintiff,

v.                                          Case No. 1:08-cv-10841

M & I MARSHALL & ILSLEY TRUST COMPANY,
BRADY WORLDWIDE, INC., BRADY PEOPLE
IDENTIFICATION LLC, and BRADY ASIA
HOLDINGS PTE LTD.,

        Defendants.

---

**THE BRADY DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT**

---

Plaintiff Peter K. Scott has failed to state a claim against the Brady Defendants[1] for

violations of M.G.L. c. 93A, § 11 because he does not allege anywhere in his Complaint that the

allegedly wrongful actions at issue in this case occurred in Massachusetts, and the documents he

relies upon in making his allegations prove that the alleged actions did not take place in

Massachusetts.[2]

A claim under Chapter 93A can only be maintained if the alleged "unfair or deceptive act

or practice occurred **primarily and substantially** within the commonwealth." M.G.L. c. 93A, §

11 (emphasis added). Plaintiff's Chapter 93A claim depends upon his allegations that the Brady

Defendants allegedly wrongfully interfered with the release of monies placed in an escrow

---

[1] The term "Brady Defendants" refers to Brady Worldwide, Inc., Brady People Identification LLC, and Brady Asia Holdings Pte Ltd.

[2] A court may consider documents attached to and referenced in Complaint without converting a motion to dismiss into one for summary judgment. *See infra* at 6.

account pursuant to an Escrow Agreement entered into by the parties and defendant M&I Trust

Company ("M&I") in August 2006.  The Brady Defendants allegedly did this by tendering what

Plaintiff believes to be an invalid claim to the escrowed amounts.  Nowhere in his Complaint,

however, does Plaintiff state that these actions took place in Massachusetts, perhaps because the

documents he relied upon in making his allegations show the following:

- That the escrow account at issue is maintained by a Wisconsin company in Wisconsin
  (Complaint, ¶ 2 and Ex. A);

- That the escrow agreement, executed by Plaintiff, contemplates that the agreement is
  to be performed in Wisconsin (Complaint, Ex. A); and

- That the claim at issue – the alleged wrongful act – and follow-up correspondence
  regarding such claim were issued in Wisconsin on behalf of two Wisconsin
  companies and a Singapore company.  *See, e.g.,* Ex. 1 (referenced at Complaint, ¶¶
  10, 13).

The only contacts with Massachusetts alleged are that Plaintiff has "a business address" in

Massachusetts and will suffer damage in Massachusetts (which is not enough to state a claim

under Chapter 93A) and that the Escrow Agreement was allegedly negotiated in Massachusetts.

But Plaintiff's Chapter 93A claim does not concern any actions taken during negotiations; it

concerns actions taken nearly eighteen months later, none of which occurred in Massachusetts.

Chapter 93A claims based on breach of contract "should be screened and disposed of at

the pleading stage if they are unquestionably without merit."  *Citicorp North America, Inc. v.*

*Ogden Martin Systems of Haverhill, Inc.*, 8 F.Supp.2d 72, 77 (D. Mass. 1998) (opinion adopted

by Stearns, J.)  Here, the documents relied upon by Plaintiff in his Complaint demonstrate that

the underlying allegedly wrongful actions did not take place in Massachusetts.  As such,

Plaintiff's Chapter 93A claim (Count V) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   SUMMARY OF ALLEGATIONS[3]

### A.   The agreements between the parties are based in Wisconsin, not Massachusetts.

Plaintiff and the Brady Defendants entered into a Stock Purchase Agreement ("the Stock Purchase Agreement") dated August 14, 2006, whereby Plaintiff sold all of his stock in certain entities to the Brady Defendants; $2 million of the purchase price was placed into an escrow account.  Complaint, ¶ 7.  The parties also entered into the Escrow Agreement which governed the $2 million held in the escrow account.  Complaint, ¶ 8 and Ex. A.  Defendant M&I was appointed to be the escrow agent.  *Id.*

The Escrow Agreement states that the parties intend for such Agreement to be performed in Wisconsin:

> This Escrow Agreement is being delivered **and is intended to be performed in the State of Wisconsin** and shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, the laws of the State of Wisconsin.

Complaint, Ex. A, ¶ 14 (emphasis added).  Plaintiff makes no allegations in his Complaint that the Escrow Agreement was performed in any state other than Wisconsin.  Plaintiff  further concedes that two of the Brady Defendants are Wisconsin corporations and the other is a Singapore corporation.  Complaint, ¶ 3-5.  Defendant M&I is also alleged to be a Wisconsin corporation.  Complaint, ¶ 2.  While Plaintiff alleges that he has a business address in Wakefield,

---

[3] For purposes of this motion only, and pursuant to Fed. R. Civ. P. 12(b)(6), the Brady Defendants will assume the truth of the factual allegations contained in the Complaint, which are cited herein as "Complaint, ¶ __."  To the extent, however, that any allegations contained in the Complaint are contradicted by documents relied upon by Plaintiff, such fact will be noted.

Massachusetts (Complaint, ¶ 1), he does not allege that he resides in Massachusetts.  Complaint, ¶ 2-5.  Plaintiff has not brought a claim on behalf of any business in Massachusetts.

**B.      The allegedly wrongful acts did not occur in Massachusetts.**

The Escrow Agreement states that claims may be made against the escrow at any time. Complaint, Ex. A, ¶ 6 ("Each of the Buyers may, at any time, give written notice to the Representative and the Escrow Agent that the Buyer is asserting one or more claims for payment under the Purchase Agreement (a "Notice of Claim")).  Pursuant to this provision, the Brady Defendants issued a notice of claim from Wisconsin to the Plaintiff and defendant M&I on January 31, 2008, which involved a China tax claim ("China Tax Notice of Claim").  Complaint, ¶ 10; Ex. 1.  In that letter, the Brady Defendants stated: "The Purchaser Entities have not yet determined the precise dollar amount of the Claim.  Losses in the amount of approximately $167,000 have already been incurred."  Ex. 1.  Plaintiff subsequently contested the China Tax Notice of Claim.  Complaint, ¶ 11.

On April 17, 2008, Plaintiff sent a letter from an address in Florida to the Escrow Agent requesting the release of the escrowed monies, save $167,000.  Complaint, ¶ 12; Ex. 2.  The Escrow Agreement, however, provides that monies may not be released from escrow unless and until the amounts of all claims are known and until all underlying claims are resolved:

> On February 1, 2008 (the "Termination Date") any and all funds comprising the Escrow Funds in excess of that which the Escrow Agent is or may be required to pay in respect of claims asserted in any outstanding Notice of Claim which have not theretofore been paid, shall be distributed in accordance with instructions delivered to the Escrow Agent by the Representative; **provided, that in the event a Notice of Claim has been asserted and the amount of a claim in the Notice of Claim is not known, no funds shall be released from the Escrow Funds except in accordance with the following sentence.**  Any funds then included in the Escrow Fund which are not distributed in accordance with the preceding sentence shall be retained by the Escrow Agent **until such time as any and all such claims of the Buyers which have not been paid or otherwise resolved on or prior to the Termination Date shall have been paid or otherwise resolved**

**in accordance with this Section 6 of this Escrow Agreement**, at which time all of the remaining funds then held by the Escrow Agent in the Escrow Funds shall be distributed in accordance with instructions delivered to the Escrow Agent by the Representative.

Complaint, Ex. A, ¶ 6(e) (bold emphasis added).  Citing this provision, the Brady Defendants sent a letter from Wisconsin to defendant M&I in Wisconsin on April 22, 2008. objecting to the distribution of any of the escrow funds to Plaintiff until the underlying claims were resolved. Complaint, ¶ 13; Ex. 3.

Plaintiff alleges that these pieces of correspondence from the Brady Defendants "interfered with the Escrow Agent's duty to distribute the Escrow Funds" to Plaintiff, and Plaintiff "has been denied the benefit of receiving the balance of the Escrow Fund on a timely basis."  Complaint, ¶ 14.[4]  Plaintiff further alleges that these acts "constitute unfair or deceptive acts or practices prohibited by M.G.L. c. 93A."  Complaint, ¶ 37.  Plaintiff, however, does not, and cannot, allege that any of the alleged interference occurred in Massachusetts.  Plaintiff only alleges that the Brady Defendants "conduct business in Massachusetts and all over the world" and that the Escrow Agreement was negotiated in Massachusetts and signed by him in Massachusetts.  Complaint, ¶ 6.  Plaintiff, however, has not alleged that the Brady Defendants engaged in any deceptive conduct during the negotiation of the Escrow Agreement.

---

[4] While not material to this Motion, what goes unmentioned by Plaintiff in his Complaint is the fact that another Notice of Claim was issued by the Brady Defendants on May 11, 2007 (*see* Answer to Counts I, II, III, and IV of Complaint and Affirmative Defenses, filed on this date). The May 2007 Notice of Claim – which was not contested by Plaintiff – described claims made by a plaintiff, Scott Hyde, in an arbitration proceeding (the "Hyde claim").  While the Brady Defendants could not determine the precise amount of such claim at that time, they did state in the May 2007 Notice of Claim that Mr. Hyde was seeking $1,000,000, plus attorneys' fees and costs.  (The Brady Defendants recently learned that Mr. Hyde is now seeking over $4.7 million.) Setting aside the validity of the China tax claim, the existence of the May 2007 Notice of Claim alone justifies the holding of the escrow until the resolution of the Hyde claim pursuant to Section 6(e) of the Escrow Agreement.

## II.      LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, a court a must accept as true all well-pleaded facts, but must also reject "unsupported conclusions or interpretations of law." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008). "To survive a Rule 12(b)(6) dismissal," the plaintiff's "facts must 'possess enough heft to sho[w]'" that the plaintiff is "entitled to relief." *Id.* at 112 (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __ , 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007)).

Additionally, when ruling on a motion brought pursuant to Rule 12(b)(6), a court may consider not only the documents that are attached to the complaint, but also the documents referenced in the complaint, but not attached. *See Clorox Co. Puerto Rico v. Proctor & Gamble*, 228 F.3d 24, 32 (1st Cir. 2000) (a court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment."). "If the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Thompson v. Ill. Dep't of Prof's Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

## III.      ARGUMENT

### Count V Should Be Dismissed Because The Allegedly Unfair Or Deceptive Conduct Occurred Outside of Massachusetts.

M.G.L. c. 93A, § 11 provides "a private cause of action to a person who is engaged in business and who suffers a loss as a result of an unfair or deceptive act or practice by another person also engaged in business." *Manning v. Zuckerman*, 388 Mass. 8, 10, 444 N.E.2d 1262, 1264 (1983). A business person has no claim, however, under Chapter 93A, § 11 "unless the actions and transactions constituting the alleged . . . unfair or deceptive act or practice occurred

**primarily and substantially** within the commonwealth." M.G.L. c. 93A, § 11 (emphasis

added); *see also First Sec. Bank, N.A. v. Northwest Airlines, Inc.*, 2001 WL 92175, *3 (D. Mass.

Jan. 3, 2001) (Stearns, J.) ("A viable Chapter 93A claim . . . requires that a defendant's 'specific

acts of misconduct' occur 'primarily and substantially' within Massachusetts.").

This requirement exists because the purpose of Chapter 93A, § 11 is to protect the

commercial relationship between businesspeople in the Massachusetts marketplace only, not to

influence those located elsewhere. *See First Sec. Bank.*, 2001 WL 92175 at *4 ("Perhaps the

draftsmen . . . had in mind . . . to improve the moral tone of business in the Commonwealth, **but

were not interested in trying to impose our normative standards on other communities**,

especially when reaching beyond our borders might dampen the enthusiasm of outsiders to trade

here." (emphasis added)). Indeed, Section 11 "was intended to refer to individuals acting in a

business context in their dealings with other business persons and not to every commercial

transaction whatsoever." *Manning*, 388 Mass. at 10. As such, a Chapter 93A, § 11 claim

requires more than a Massachusetts plaintiff – such claims require the unfair or deceptive act to

occur primarily and substantially within Massachusetts. *See Garshman Co. Ltd. v. General

Electric Co*., 176 F.3d 1, 7 (1st Cir. 1999) (noting that "otherwise in almost every case with a

Massachusetts plaintiff the defendant would be subject to Chapter 93A violations, regardless of

how negligible the defendant's activity in Massachusetts was" in the case).

To determine whether the alleged conduct occurred primarily and substantially within

Massachusetts, the Court should "determine whether the center of gravity of the circumstances

that give rise to the claim is primarily and substantially within the Commonwealth." *Kuwaiti

Danish Computer v. Digital Equipment Corporation*, 438 Mass. 459, 473, 781 N.E.2d 787, 797

(2003). Prior to *Kuwaiti*, the First Circuit adopted a three-pronged balancing test to determine

whether the alleged conduct occurred primarily and substantially in Massachusetts – (1) where defendant committed the deceptive or unfair acts or practices; (2) where plaintiff received and acted upon the deceptive or unfair statements; and (3) where the plaintiff sustained losses due to the unfair acts or practices. *Garshman*, 176 F.3d at 6-7. In *Kuwaiti*, however, the Massachusetts Supreme Judicial Court expressed "misgivings about the utility of a formula for analyzing all cases under § 11." *Kuwaiti.*, 438 Mass. at 473. The analysis "should not be based on a test identified by any particular factor or factors . . ." *Id.* Instead, a court should employ a "'a fact-intensive approach' to answer the question of whether **the misconduct** occurred primarily and substantially in Massachusetts." *RGJ Associates, Inc. v. Stainsafe, Inc.,* 338 F.Supp.2d 215, 233 (D. Mass. 2004) (citing *Kuwaiti*, 438 Mass. 459) (emphasis added).

Here, Plaintiff has failed to state a claim because, even when presuming all of the alleged facts are true, the documents he relies upon in making his claim demonstrate that the actions at issue did not occur primarily and substantially in Massachusetts. The Plaintiff alleges the following unfair or deceptive acts: (1) the Brady Defendants sending a Notice of Claim on January 31, 2008 to defendant M&I and allegedly failing to give a good faith estimate of the amount of any additional claims as allegedly required by Paragraph 6(a) of an Escrow Agreement (*e.g.* Complaint, ¶ 10, 28); and (2) the Brady Defendants' sending a letter to defendant M&I dated April 22, 2008, notifying M&I of its objection to the distribution of the Escrow Fund to Plaintiff, which allegedly interfered with the Escrow Agent's duty to distribute the fund to Plaintiff (*e.g.* Complaint, ¶¶ 13, 14, 32- 34). Each of these acts, according to the documents specifically relied upon by Plaintiff, occurred in Wisconsin, not Massachusetts. Confirming this is the language of the Escrow Agreement itself (the alleged breach of which is at

issue in this case), which states that the parties intended that the Escrow Agreement was to be "performed in the State of Wisconsin."  Complaint, Ex. A., ¶ 14.

Courts have not hesitated to reject Chapter 93A claims because of insufficient contacts with Massachusetts.  *See, e.g.*, *Weber v. Sanborn*, 502 F.Supp.2d 197 (D. Mass. 2007) (granting motion for judgment on the pleadings (applying the Rule 12(b)(6) standard) because the primary and substantial contacts were with New Hampshire, not Massachusetts); *Zyla v. Wadsworth*, 360 F.3d 243, 255 (1st Cir. 2004) (rejecting Chapter 93A claim because, while plaintiff was a resident of Massachusetts, one of the defendants was a resident of New Jersey, the other Connecticut, neither did business in Massachusetts, and the event that gave rise to the lawsuit occurred in New Jersey); *National Fire Protection Ass'n v. International Code Council, Inc. et al.*, 2006 U.S.Dist. LEXIS 14360 (D. Mass., Mar. 29, 2006) (defendant did not maintain offices in Massachusetts and the agreement was negotiated from outside of Massachusetts); *Stoneridge Control Devices v. Teleflex*, 17 Mass.L.Rptr. 335, 2004 WL 389105 (Mass. Super. Feb. 17, 2004) (dismissing Chapter 93A claim because the alleged acts constituting the breach of the implied covenant of good faith and fair dealing "occurred, or failed to occur, in Michigan.").

The contacts with Massachusetts alleged in the Complaint do not somehow rescue Plaintiff's claim.  Plaintiff alleges that (1) he has a business address in Massachusetts (although he has not brought a claim on behalf of a business entity) (Complaint, ¶ 1), (2) the Brady Defendants' acts allegedly caused an individual and a business[5] in Massachusetts to be harmed (Complaint, ¶ 39), and (3) the Escrow Agreement was allegedly partly negotiated in Massachusetts and signed by Scott in Massachusetts (Complaint, ¶ 6).  As to the first two

---

[5] This allegation conflicts with others made in Plaintiff's Complaint where he alleges only that he personally was damaged, not that a business was damaged.  *See, e.g.,* Complaint, ¶¶ 14, 19, 25, 30, 35.

allegations, courts in the First Circuit have held that these are insufficient contacts to create a

defendant's liability under Chapter 93A, § 11. *See e.g., Garshman Co. Ltd.*, 176 F.3d 1 (holding

that although the plaintiff resided in Massachusetts and had suffered the loss there, most of the

defendant's alleged unfair or deceptive conduct occurred out of state and thus, the plaintiff had

no Chapter 93A, § 11 claim); *Zyla v. Wadsworth*, 360 F.3d at 255 (court dismissed plaintiff's

Chapter 93A, § 11 claim because the only connection to Massachusetts was plaintiff's residence

in Massachusetts). As to the third alleged contact, Plaintiff's allegations that the parties

negotiated the Escrow Agreement in Massachusetts, and that he signed the agreement in

Massachusetts, are immaterial. Plaintiff is not alleging that the Brady Defendants violated

Chapter 93A during the negotiation of the Escrow Agreement. Rather, Plaintiff alleges that

certain acts taken in connection with the performance of the Escrow Agreement – which was

specifically contemplated to be performed in Wisconsin – were unfair or deceptive.

Plaintiff may argue that the question of whether the acts took place "primarily and

substantially" in Massachusetts is not one that can be resolved through a motion to dismiss,

based on the decision in *Workgroup Technology Corp. v. MGM Grand Hotel*, LLC, 246

F.Supp.2d 102 (D. Mass. 2003) (Collings, M.J.). In that case, the court believed that it could not

consider a motion to dismiss a Chapter 93A because of the following language in *Kuwaiti*

decision – "a judge should, **after making findings of fact**, and after considering those findings

in the context of the entire § 11 claim, determine whether the center of gravity of the

circumstances that give rise to the claim is primarily and substantially within the

Commonwealth." *Kuwaiti*, 438 Mass. at 473 (emphasis added). Nowhere in *Kuwaiti*, however,

does the Massachusetts Supreme Judicial Court hold that a court cannot consider a motion to

dismiss if a plaintiff has made allegations and relied upon documents in his complaint which, if

considered to be true, demonstrate conclusively that the actions at issue **did not** take place

primarily and substantially in Massachusetts.  In other words, *Kuwaiti* does not take away a

defendant's ability to move to dismiss under Rule 12(b)(6) if a plaintiff has made allegations

which functionally disprove his Chapter 93A claim – indeed, to find otherwise would place a

lower pleading burden on Chapter 93A plaintiffs.  Supporting this conclusion is the fact that at

least one Massachusetts court has granted a motion to dismiss a Chapter 93A claim post-*Kuwaiti*

because the facts pled demonstrated that the actions at issue took place outside of Massachusetts.

*See Fillimore v. Leasecomm Corp.*, 18 Mass. L. Rprt. 560, 2004 WL 3091642 (Mass Super.

2004) (dismissing Chapter 93A claim because all relevant activities took place in Washington

State); *see also Weber v. Sanborn*, 502 F.Supp.2d 197 (in post-*Kuwaiti* decision, the court

granted a motion for judgment on the pleadings (applying the Rule 12(b)(6) standard) because

there were not sufficiently alleged contacts with Massachusetts).

## <u>CONCLUSION</u>

The documents relied upon by Plaintiff in his Complaint demonstrate that the alleged

wrongful acts at issue did not occur in Massachusetts.  This, combined with his failure to allege

that such actions took place in Massachusetts, requires the dismissal of his Chapter 93A claim

pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 23rd day of June, 2008.

QUARLES & BRADY LLP

/s/ Cristina D. Hernandez-Malaby
_____

Cristina D. Hernandez-Malaby,
MA State Bar No. 630419
411 East Wisconsin Avenue
Milwaukee, WI  53202-4497
Ph:  414-277-5000
Fax:  414-271-3552
chernand@quarles.com

Attorneys for Brady Worldwide, Inc.,
Brady People Identification LLC, and
Brady Asia Holdings Pte Ltd.

<u>**CERTIFICATE OF SERVICE**</u>

I, Cristina D. Hernandez-Malaby, an attorney, certify that I caused a true and correct copy

of **THE BRADY DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO**

**DISMISS COUNT V OF PLAINTIFF'S COMPLAINT**, to be served upon:

Ian Crawford
Todd & Weld LLP
28 State Street
Boston, MA  02109

via the ECF system for the District of Massachusetts on this 23rd day of June, 2008.

/s/ Cristina D. Hernandez-Malaby

_____

Cristina D. Hernandez-Malaby
MA State Bar No. 630419
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI  53202-4497
Ph:  414-277-5000
Fax:  414-271-3552
chernand@quarles.com